UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>MANUEL HUERTA-VARGAS,<br><br>          Defendant. | 03:04-CR-00009-LRH (VPC)<br><br>ORDER |

This matter comes before the court upon remand from the Ninth Circuit Court of Appeals to determine whether the sentence imposed on defendant Manuel Huerta-Vargas ("Huerta-Vargas") would have been materially different had the court known that the sentencing guidelines were advisory (# 33[1]). On January 5, 2006, this court held a telephonic status conference. During that status conference, Huerta-Vargas raised issues that were not previously raised at his sentencing. In light of this, the court directed the parties to file points and authorities on the issues surrounding this case. On January 20, 2006, Huerta-Vargas filed a brief in support of resentencing (# 39). The United States of America has filed a response (# 40) and Huerta-Vargas replied (# 41).

In *United States v. Booker*, the Supreme Court held that mandatory sentencing guidelines violate the Sixth Amendment to the United States Constitution. 543 U.S. 220, 243 (2005). To

---

[1] Refers to the court's docket number.

1  remedy the Sixth Amendment violation, the Supreme Court effectively made the Sentencing

2  Guidelines advisory. *Booker*, 543 U.S. at 223-24. If a party challenges his sentence based upon an

3  unpreserved Sixth Amendment *Booker* error, the error must constitute plain error to warrant relief.

4  *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005). "Plain error is '(1) error, (2) that is

5  plain, and (3) that affects substantial rights.'" *Id*. (quoting *United States v. Cotton*, 535 U.S. 625,

6  631 (2002)).

7       In order to determine whether an error is plain, the Ninth Circuit has stated that it is often

8  difficult to determine whether an error affected substantial rights, or in other words, whether the

9  outcome of the sentencing was affected based upon the district court's belief that the guidelines

10 were mandatory. *Ameline*, 409 F.3d at 1078. To deal with this situation, the Ninth Circuit adopted

11 a limited remand approach. *Id*. At 1079. If, upon appeal, the Ninth Circuit cannot reliably

12 determine from the record whether a sentence imposed would have been different had the district

13 court known that the Guidelines were advisory, the case will be remanded to the district court to

14 answer the question. *Id*. "If the district court judge determines that the sentence imposed would

15 not have differed materially had he been aware that the Guidelines were advisory, the district court

16 judge should place on the record a decision not to resentence, with an appropriate explanation." *Id*.

17 at 1085. If, on the other hand, the sentence imposed would have differed materially, the error was

18 prejudicial. *Id*. "In such a case, the original sentence will be vacated and the district court will

19 resentence with the defendant present." *Id*.

20      In the case at bar, Huerta-Vargas first argues that harmless error analysis should be used

21 instead of plain error analysis because the *Booker* error was preserved when he argued that the

22 Guidelines violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This issue, however, is not

23 before the court. In remanding this case, the Ninth Circuit stated that "Huerta-Vargas's Sixth

24 Amendment challenge to his sentencing enhancement, based on a prior conviction, remains

25 foreclosed after *Booker*." (Ninth Circuit Court of Appeals Memorandum (# 33)). After finding

26

1  Huerta-Vargas's Sixth Amendment challenge foreclosed, the Ninth Circuit directed this court to
2  proceed pursuant to *Ameline* and determine "whether the sentence imposed would have been
3  materially different had the district court known that the Guidelines were advisory." *Id*.
4        In considering this issue, Huerta-Vargas argues that he should be resentenced to allow the
5  court to consider the factors set out in 18 U.S.C. § 3553, and, specifically, to consider sentencing
6  disparities due to the fact that Nevada does not have a provision for fast-track disposition.  In
7  addition, Huerta-Vargas argues that the sentence imposed does not reflect his real conduct of illegal
8  reentry.  Upon considering the limited remand procedure outlined in *Ameline*, the court has
9  determined that Huerta-Vargas's sentence would not have been materially different had the court
10 known that the Guidelines were advisory.
11       Although the Guidelines are advisory, they should still be considered by the court in
12 determining an appropriate sentence.  *Booker*, 543 U.S. at 224.  Huerta-Vargas pled guilty to a
13 violation of 8 U.S.C. § 1326(a).  This offense carries a Base Offense Level of 8.  U.S.S.G. §
14 2L1.2(b)(1)(B).  However, Huerta-Vargas received a 12 level enhancement because he was
15 previously deported after a conviction for a felony drug trafficking offense.[2]  Therefore, Huerta-
16 Vargas, with a three level reduction for acceptance of responsibility and a criminal history score in
17 Category IV, had a sentencing range under the guidelines of 37-46 months.  The court ultimately
18 sentenced Huerta-Vargas to 44 months.
19       The court deems Huerta-Vargas's sentence to be "sufficient, but not greater than necessary."
20 *See* 18 U.S.C. § 3553.  Huerta-Vargas has a lengthy criminal history involving drugs.  He has been
21 deported from the United States five times.  Six months after his fifth deportation, he was arrested
22 in Reno, Nevada on another drug-related charge.  Based on these circumstances, this is not a case

---

[2] As explained by the Ninth Circuit, a sentence enhancement based on the fact of a prior conviction does not raise any Sixth Amendment problems.  *United States v. Moreno-Hernandez*, 419 F.3d 906, 914 n.8 (9th Cir. 2005).

where a significant departure should be made from the now advisory Guidelines.  Even considering possible sentencing disparities with jurisdictions that provide fast-track dispositions, Huerta-Vargas's sentence would not have been materially different.

IT IS THEREFORE ORDERED that, pursuant to *United States v. Ameline*, 509 F.3d 1073 (9th Cir. 2005), Huerta-Vargas will not be resentenced.

IT IS SO ORDERED.

DATED this 6th day of March, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE